OPINION OF THE COURT
Per Curiam.
By order of the Supreme Court of the State of California filed October 21, 2010, the respondent was disbarred from the practice of law in California, his name was stricken from the roll of attorneys in that state, and he was directed to comply with various enumerated conditions. The order of disbarment was based on a “Decision and Order Sealing Certain Documents; Order of Involuntary Inactive Enrollment” (hereinafter decision and order) filed June 1, 2010, and signed by Richard A. Honn, Judge of the California State Bar Court, along with a “Stipulation Re Facts and Conclusions of Law” filed March 5, 2010, and “Attachment to ADP [Alternative Discipline Program] Stipulation Re Facts and Conclusions of Law” dated February 2008 (hereinafter ADP stipulation).
In 2003 and 2004, the State Bar of California’s Office of the Chief Trial Counsel (hereinafter State Bar) filed five notices of disciplinary charges against the respondent. The charges and cases were consolidated and referred for evaluation of the respondent’s eligibility for participation in the State Bar Court’s alternative disciplinary program (hereinafter ADP). In furtherance of his participation in the ADR the respondent signed a lawyer assistance program (hereinafter LAP) participation plan on April 29, 2005. On August 1, 2007, the respondent submitted a declaration which established a nexus between the respondent’s substance abuse issue and his alleged misconduct.
Thereafter, in February 2008, the parties entered into the ADP stipulation, which set forth the factual findings, legal conclusions, and mitigating and aggravating circumstances. The respondent was advised by the State Bar Court of the discipline which would be recommended to the Supreme Court if he successfully completed the ADR and the discipline which would be recommended if he did not successfully complete, or was terminated from, the ADP On February 21, 2008, the State Bar *194 Court executed a confidential statement of alternative dispositions and orders formally advising the parties in writing of the alternative discipline recommendations in the matter, and issued an order enrolling the respondent as an inactive member of the State Bar of California, effective February 26, 2008, and until further order of the court.
The respondent was accepted for participation in the ADP commencing February 21, 2008. He participated in the LAP and the ADP However, on December 2, 2009, the State Bar Court filed an order to show cause why the respondent should not be terminated from the ADP in light of his failure to comply with the conditions of his participation in the LAP and the ADI) and why the highest level of discipline, i.e., disbarment, should not be imposed. The respondent did not timely reply to the order to show cause. The State Bar Court received a report from the respondent in which he stipulated to his termination from the ADI) and, thereafter, the State Bar Court filed an order on March 5, 2010, finding that the respondent was not in compliance with the conditions of the ADP and terminating him from the ADP
The underlying facts involved multiple acts of misconduct with respect to the following clients who had retained the respondent to represent them: Margaret Coleman, Michael Hodge, Forbert Candiff, Jennifer DeGiulio, and Otis Smith. The misconduct occurred from 2000 to 2004. The misconduct included: failure to make available, upon termination of employment, requested client files to former clients; failure to perform legal services with competence; failure to respond to client inquiries; failure to refund unearned fees; failure, upon termination of employment, to take reasonable steps to avoid reasonably foreseeable prejudice to his client; failure to pay client funds as requested by his client; and contracting for and collecting a fee prior to obtaining court supervision. The respondent stipulated that he owed the principal sum of $1,500 plus interest to Candiff, the principal sum of $12,607 plus interest to DeGiulio, and the principal sum of $200 plus interest to Smith.
Apart from the various failures enumerated above, the respondent held himself out as entitled to practice law in California when he was not an active member of the California State Bar because he failed to comply with the minimum continuing legal education requirements of the California State Bar. From September 3, 2002 until October 7, 2002, while he was not entitled to practice law, the respondent mailed letters, identify *195 ing himself as an attorney; used letterhead bearing the words “Law Offices of William J. Salica”; and signed court papers as the attorney for one of the parties in several different matters.
By order filed July 2, 2003, the Supreme Court of California suspended the respondent from the practice of law for two years and until a showing of proof satisfactory to the State Court Bar of the respondent’s rehabilitation and fitness to practice law, stayed execution of the suspension, placed the respondent on probation for three years on condition that he actually be suspended for six months and until he made the recommended restitution. The order required that the respondent comply with rule 955 of the California Rules of Court within a specified time frame. The respondent failed to file an affidavit of compliance in conformity with the July 2, 2003 order and rule 955 (c) of the California Rules of Court by September 10, 2003. The respondent also failed to timely submit various written quarterly reports during the period of probation, failed to attend ethics school, failed to attend and pass client trust account school before August 1, 2004, and failed to submit an approved law office management plan before February 1, 2004. With respect to the two latter conditions, the respondent did attend and pass client trust account school by June 2, 2006, and submitted an approved law office management plan by November 28, 2005.
Upon termination of the respondent from the ADP on March 5, 2010, Judge Richard A. Honn of the State Bar Court issued a decision and order dated and filed June 1, 2010, setting forth the following willful violations, as stipulated to by the respondent: California Rules of Professional Conduct (hereinafter CRPC) rule 3-700 (D) (1) in two matters (failure to promptly release client papers upon client’s request upon termination of employment); CRPC rule 3-110 (A) in two matters (failing to perform legal services with competence); California Business and Professions Code (hereinafter CBPC) § 6068 (m) in two matters (failing to respond to reasonable client status inquiries); CRPC rule 3-700 (D) (2) in two matters (failing to refund unearned fees); CRPC rule 3-700 (A) (2) in one matter (failing to take reasonable steps to avoid reasonably foreseeable prejudice to his client); CBPC §§ 6068 (a), 6125 and 6126 in four matters (engaging in the unauthorized practice of law); CBPC § 6106 in two matters (committing acts of moral turpitude, dishonesty or corruption); CRPC rule 4-100 (B) (4) in one matter (failing to promptly pay client funds as requested); CBPC § 6103 in one matter (failing to comply with court order); CBPC § 6068 *196 (k) in one matter (failing to comply with conditions attached to disciplinary probation); and CRPC rule 4-200 (A) in one matter (entering into an agreement for, charging, and collecting an illegal fee).
The decision and order dated and filed June 1, 2010 noted aggravating factors, such as the respondent’s prior suspension; significant harm to clients, the public, or the administration of justice; a pattern of misconduct; the fact that trust property or funds were involved; and the respondent’s inability or refusal to account to his victims. The mitigating factors noted included cooperation and candor with the victims of his misconduct and the State Bar during the disciplinary investigation and proceedings.
Judge Honn recommended, inter alia, that the respondent be disbarred. By order of the Supreme Court of California filed October 21, 2010, the respondent was disbarred and his name was stricken from the roll of attorneys.
A copy of the notice by the petitioner, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee), pursuant to 22 NYCRR 691.3 was served on the respondent on December 8, 2011 by regular first class mail, and certified mail, return receipt requested, at three different addresses in California. Postal records reflect that two out of the three mailings were received. More than 20 days have passed since service of the notice, and the respondent has neither filed a verified statement, nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.
Records maintained by the New York State Office of Court Administration reflect that the respondent is delinquent in the payment of his biennial reregistration fees dating back to 1990.
Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the imposition of reciprocal discipline is granted and the respondent is disbarred in New York based upon his disbarment in California.
Mastro, A.PJ., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, William J. Salica, is disbarred, and *197 his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, William J. Salica, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William J. Salica, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and it is further,
Ordered that if the respondent, William J. Salica, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).